## HAYWARD a. THE NORTHWESTERN INSURANCE COMPANY.

*Supreme Court, First District; General Term, February*, 1864.

### INSURANCE.—INTERPRETATION OF POLICY.

Where the printed condition of a policy excepted losses "caused by or consequent upon the bursting or collapsing of a steam-boiler or steam-pump," but the written portion insured the steam-engine ; and the fire by which the insured property was destroyed, was caused by an explosion of the steam-boiler ; —*Held*, that there was a repugnancy between the written and printed portions of the policy, and that the written portions must prevail.

The case of Hayward a. Liverpool, &c., Ins. Co. (7 *Bosw.*, 385) opposed.

Appeal from a judgment.

This action was brought on a policy of insurance, which in the written portion insured Nathaniel Hayward against loss or damage by fire, to the amount of five thousand dollars, on the buildings occupied as an India rubber factory, and on property contained therein, situate, &c., viz., $400 on their building, No. 1, on plan filed in the office of the Washington Insurance Company, New York ; $1,100 on machinery, tools, steam-engine, and shafting, contained in building No. 1 ; $250 on stock and materials, manufactured and unmanufactured, and in process of manufacture, &c.

The policy contained a printed condition, as follows :

"This company will be liable for losses on property burnt by lightning ; but not for any loss or damage by fire happening by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power ; *nor for any loss or damage caused by or consequent upon the bursting or collapsing of a steam-boiler or steam-pipe;* nor for any loss or damage caused by the explosion of gunpowder, percussion caps, or any other explosive substance, unless a privilege shall have been given in the policy to keep such articles."

The cause was tried before Mr. Justice Clerke without a

jury. Among other facts he found that the fire originated from, and was caused by an explosion of one of the boilers of the steam-engine belonging to and used in the rubber factory, and covered by the policy; a steam-engine being necessarily and ordinarily used in the carrying on of an India rubber factory.

In his first conclusion of law, the justice found that the loss was covered by said policy, and was not within any exception in the said condition.

From the judgment entered in conformity with this conclusion, the defendants appealed.

*W. Tracy*, for the appellants.—The condition set out in the policy was a warranty by the owner against a loss caused by the explosion.

It was found that the fire originated from, and was caused by the explosion of a steam-boiler. The effect of the policy was to insure against loss by fire, notwithstanding there was a steam-boiler, but not against a fire occasioned by the bursting of that boiler. (St. John *a.* American Mutual Fire & Marine Ins. Co., 1 *Duer*, 371 ; S. C., on appeal, 11 *N. Y.*, 516.)

In this case, as in the one at the bar, the policy was upon " machinery and fixtures," which included the steam engine which exploded.

In the case of Harper *a.* New York Ins. Co., 22, *N. Y.*, 441, where the injury was occasioned by carelessly igniting camphene, which the court held was covered by the policy, as one of the materials used in business, the opinion of Ch. Judge Comstock concedes that a policy can be so framed as to allow the presence of a dangerous article, and even to insure its value while the insurer is exempted from loss occasioned by its use.

In Hayward *a.* Liverpool and London Fire Ins. Co., 7 *Bosw*, 385. the precise point is decided by the Superior Court. The condition there was, " neither will this company be liable * * for loss or damage by explosion of any kind," (387.) The property insured was an India rubber factory, and it was found that " a steam engine was necessary and ordinarily used in the carrying on of an India rubber factory."

*Luther R. Marsh*, for the respondent. — I. Allowing the

printed clause to be valid, and of controlling effect, the case is within the privilege or license contained in the condition itself. The privilege is granted by the *written* portion of the policy, to use a steam-engine, and consequently the " explosive substance," steam, from which the fire originated. The fact of its being expressly *named* in the privilege, makes this a stronger case in favor of the plaintiff than those of Harper *a*. Albany Mut. Ins. Co., 17 *N. Y.*, 194, and Harper *a*. N. Y. City Ins. Co., 22 *N. Y.*, 441.

II. If the terms of the *written* and *printed* portions of a policy are inconsistent, the written portion will control, and the condition cannot exempt the company from liability. The steam-engine was insured as part of the " *stock in trade* " of plaintiff, and was necessarily employed in his business, which brings the case directly within the rule in Harper *a* The Albany Mut. Ins. Co., 17 *N. Y*, 194.

III. The risk in question was a specially hazardous one, and this printed condition does not apply to it.

By the Court : * Sutherland, J.—I cannot distinguish the question in this case from that in Harper *a*. The New York Insurance Company (22 *N. Y.*, 441).

That case was decided on the principle that, where, in a policy of insurance, there is a conflict, or repugnancy, between a provision of the printed formula, or conditions, and the written portion, the latter must prevail.

The reasoning of the prevailing opinion in that case, to show that there was this conflict, or repugnancy, in that case, applies with all its force to this case.

In the written portion of the policy describing the subjects of insurance, " steam-engine " is specifically mentioned.

In the case of Harper *a*. The New York Insurance Company, the provision of the printed conditions which raised the question was, that the company would not be liable for any loss, either by fire, or otherwise, occasioned by camphene. The provision of the printed conditions, which raises the question in this case is, that the company would not be liable " for any loss or damage caused by or consequent upon the bursting or

---

* Present—Leonard, P. J., Clerk and Sutherland, JJ.

collapsing of a steam-boiler, or steam-pipe." As the only purpose of the policy was to insure against loss by fire, this provision must, I think, be construed as meaning that the company would not be liable for any loss or damage by fire, caused by, &c. If so, it appears to me that the question in this case is identical with that in Harper's case. I think the judgment in this case should be affirmed, with costs, on the authority of that case. The case of Hayward a. The Liverpool and London Fire and Life Insurance Company (7 Bosworth, 385), must be considered as overruled by Harper's case.